UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SALIF A. KOUROUMA,** Plaintiff, vs. **BENJAMIN A. ANCHILL, UNITED STATES DEPARTMENT OF JUSTICE,** Defendants. | 2-24-CV-13278-TGB-EAS HON. TERRENCE G. BERG **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 3)** |

On November 25, 2024, Salif A. Kourouma filed a lawsuit in the 36th Judicial District of the State of Michigan against Assistant United States Attorney Benjamin A. Anchill, and against the United States Department of Justice. *See* ECF No. 1, PageID.4-6. Anchill properly removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1), as a case directed to the actions of a federal employee under color of law. ECF No. 1, PageID.1-2. Before the Court is Defendants' Motion to Dismiss, filed on December 17, 2024. ECF No. 3 ("the Motion"). For the following reasons, Defendants' Motion will be **GRANTED**.

## I. BACKGROUND

As best as the Court can read Kourouma's hand-written complaint, his claims are set out in two separate paragraphs that are attempted to be reproduced below in full:

> Dear 36th District court, can you're please make
> Ms Assistant United States attorney Benjamin A.
> Anch[ill] and the U.S Department of Justice stop

1

> give my [unintelligible] or child support money from IRS and social security administration to the court child support case #106467D[M] and pay me my elderly disability. I want to be remove from USA government system.

ECF No. 1, PageID.5.

> Dear U.S Justice Department Ms Anchill Benjamin can you're recover all the funds that was paid to child support my case number 106467DM and pay me. Plastic Ommium Auto Inergy didn't want to take me back after my FMLA leave, you're can pay me in to my fidelity account reopen it for me 77588 and send the rest in to my elderly disability.

ECF No. 1, PageID.6.

Defendants' Motion provides some factual background which is not apparent from Kourouma's Complaint. Korouma has filed a series of lawsuits related to a garnishment order against him imposed by a state court to satisfy child support obligations. *See Kourouma v. Internal Revenue Service,* No. 4:23-cv-12452-FKB-CI, ECF No. 1, PageID.166-70, PageID.184-90 (E.D. Mich. 2023)(Behm, J.); *Kourouma v. Social Security Administration,* No. 2:23-cv-12216-GAD-CI, ECF No. 1, PageID.5 (E.D. Mich. 2023)(Drain, J.). Both of those cases were dismissed for lack of subject matter jurisdiction: Kourouma failed to allege waiver of the sovereign immunity of the Internal Revenue Service or the Social Security Administration. *Kourouma v. Internal Revenue Service,* No. 4:23-cv-12452-FKB-CI, ECF No. 3, PageID.223 (E.D. Mich. 2023)(Behm,

J.); *Kourouma v. Social Security Administration*, No. 2:23-cv-12216-GAD-CI, ECF No. 5, PageID.29-31 (E.D. Mich. 2023)(Drain, J.).

As in those cases, Defendants' Motion to Dismiss here also contends that Kourouma has failed to identify a waiver of sovereign immunity. ECF No. 3, PageID.18-19. Defendants' Motion also argues that Kourouma has failed to state a claim at all. *Id.* at PageID.19-20.

## II. STANDARD

Kourouma's Complaint lists the United States Department of Justice as a defendant. ECF No. 1, PageID.5. It is well-established that claims against agencies of the United States are barred absent a waiver of sovereign immunity. *See In re Harchar*, 694 F.3d 639, 648-50 (6th Cir. 2012). Such a waiver must be "unequivocally expressed" in statutory text. *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012). If a plaintiff cannot identify a waiver of sovereign immunity, his "claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

To survive a motion to dismiss, a complaint need only contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint like Kourouma's can be dismissed for failure to state a claim "if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*quoting Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

3

### III. ANALYSIS

Like in his other lawsuits, Kourouma's Complaint provides no facts from which the Court could find that the Department of Justice waived its sovereign immunity in any manner—and certainly not unequivocally as expressed in statutory text. *See Cooper*, 566 U.S. at 290. As such, Kourouma's claim against the Department of Justice is **DISMISSED WITHOUT PREJUDICE**: Kourouma may file an amended complaint, but he would need to state facts showing that the Department of Justice waived its sovereign immunity.

As for Kourouma's claim against Defendant Anchill, Kourouma's Complaint does not state a claim for relief that is plausible on its face. The Court cannot construe Kourouma's pleadings (reproduced again below) in any way that shows he is entitled to relief from Anchill.

> Dear 36th District court, can you're please make Ms Assistant United States attorney Benjamin A. Anch[ill] and the U.S Department of Justice stop give my [unintelligible] or child support money from IRS and social security administration to the court child support case #106467D[M] and pay me my elderly disability. I want to be remove from USA government system.

ECF No. 1, PageID.5.

> Dear U.S Justice Department Ms Anchill Benjamin can you're recover all the funds that was paid to child support my case number 106467DM and pay me. Plastic Ommium Auto Inergy didn't want to take me back after my FMLA leave, you're can pay me in to my fidelity account reopen it for

me 77588 and send the rest in to my elderly disability.

ECF No. 1, PageID.6.

Although Kourouma's complaint seems to be requesting Anchill to do something on Kourouma's behalf concerning his child support money and seeks some kind of payment to his "fidelity account," these claims against Anchill do not come close to stating any cognizable cause of action. It is impossible to tell what, if anything, Anchill did, or whether his actions affected Kourouma's rights in any way.

Because the complaint states no cause of action against either the Department of Justice or Assistant U.S. Attorney Anchill, it is hereby **DISMISSED WITHOUT PREJUDICE**. Defendants' Motion to Dismiss is **GRANTED**. This means that Kourouma is not prohibited from filing an amended complaint, but he needs to address the defects described in this Order.

**SO ORDERED**.

Dated: April 14, 2025      /s/Terrence G. Berg
                                             HON. TERRENCE G. BERG
                                             UNITED STATES DISTRICT JUDGE